Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Zoetis Inc. and Zoetis Services LLC*

*OF COUNSEL:*

Michael N. Kennedy
Megan P. Keane
Tobias Ma
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ZOETIS INC. and ZOETIS SERVICES LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ZYDUS LIFESCIENCES LIMITED, ZYDUS PHARMACEUTICALS (USA) INC. and ZYVET ANIMAL HEALTH INC.,**<br><br>**Defendants.** | **Civil Action No. ______________**<br><br>**(Filed Electronically)** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Zoetis Inc. and Zoetis Services LLC (collectively, "Zoetis"), by their undersigned attorneys, bring this action against Defendants Zydus Lifesciences Limited, Zydus Pharmaceuticals (USA) Inc., and ZyVet Animal Health Inc. (collectively, "ZyVet"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271. This action arises from ZyVet's submission of Abbreviated New Animal Drug Application ("ANADA") No. A-200847-A-0000-OT ("ZyVet's ANADA") to the United States Food and Drug Administration ("FDA"). Through ZyVet's ANADA, ZyVet seeks approval to market generic versions of Zoetis's Cerenia® (maropitant citrate) Injectable Solution (hereinafter, "ZyVet's Infringing ANADA Product"), prior to the expiration of United States Patent No. 8,183,230 ("the Patent-in-Suit" or "the '230 Patent").

## THE PARTIES

2. Plaintiff Zoetis Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Sylvan Way, Parsippany, New Jersey 07054.

3. Plaintiff Zoetis Services LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Sylvan Way, Parsippany, New Jersey 07054.

4. On information and belief, Zydus Lifesciences Limited is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382 481, India.

5. On information and belief, Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

6. On information and belief, Zydus Pharmaceuticals (USA) is a wholly-owned subsidiary of Zydus Lifesciences Limited.

7. On information and belief, ZyVet Animal Health Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73B Route 31 North, Pennington, New Jersey 08534.

8. On information and belief, ZyVet Animal Health Inc. is a wholly-owned subsidiary of Zydus Pharmaceuticals (USA) Inc.

9. On information and belief, ZyVet Animal Health Inc., in collaboration with Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited, prepared and submitted ZyVet's ANADA and continues to seek FDA approval of that application.

10. On information and belief, ZyVet intends to commercially manufacture, market, offer for sale, and sell the products described in ZyVet's ANADA throughout the United States, including in the State of New Jersey, in the event FDA approves ZyVet's ANADA.

**JURISDICTION AND VENUE**

11. This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the Patent-in-Suit.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

13. This Court has personal jurisdiction over Zydus Pharmaceuticals (USA) Inc. and ZyVet Animal Health Inc. at least because each of these entities is incorporated in New Jersey and has its principal place of business in New Jersey.

14. This Court also has personal jurisdiction over each of the Defendants because, *inter alia*, this action arises from actions of each Defendant directed toward New Jersey and, on information and belief, each Defendant has continuous and systematic contacts with the State of

New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to sell ZyVet's Infringing ANADA Product in the State of New Jersey in the event FDA approves ZyVet's ANADA.

15. On information and belief, ZyVet is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and/or distributing generic versions of branded animal drug products throughout the United States, including within the State of New Jersey, through its own actions and through the actions of its agents and subsidiaries, from which ZyVet derives a substantial portion of its revenue.

16. On information and belief, ZyVet, through its own actions and through the actions of its agents and subsidiaries, has engaged in the research and development, and the preparation and filing, of ZyVet's ANADA, continues to seek FDA approval of this ANADA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and/or importation of ZyVet's Infringing ANADA Product throughout the United States, including within the State of New Jersey, and stands to benefit from the approval of ZyVet's ANADA.

17. On information and belief, following FDA approval of ZyVet's ANADA, ZyVet intends to manufacture, market, offer to sell, sell, import, and/or distribute ZyVet's Infringing ANADA Product throughout the United States and within the State of New Jersey, that will, as explained below, infringe the Patent-in-Suit protecting Cerenia® Injectable Solution. On information and belief, following FDA approval of ZyVet's ANADA, ZyVet knows and intends that ZyVet's Infringing ANADA Product will be marketed, used, distributed, offered for sale, and/or sold in the United States and within the State of New Jersey.

18. ZyVet has purposefully availed itself of the privilege of doing business in the State of New Jersey by placing goods into the stream of commerce for distribution throughout the United States and within the State of New Jersey, and/or by selling, directly or through its agents, pharmaceutical and/or animal drug products in the State of New Jersey. On information and belief, if ZyVet's ANADA is approved, ZyVet's Infringing ANADA Product would, *inter alia*, be manufactured, marketed, distributed, offered for sale, and/or sold in, or imported into, the State of New Jersey, prescribed by veterinarians practicing in New Jersey, dispensed within New Jersey, and/or administered in New Jersey, all of which would have a substantial effect on New Jersey.

19. This Court also has personal jurisdiction over ZyVet because ZyVet has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Zoetis because Zoetis and/or its affiliates manufacture Cerenia® Injectable Solution for sale and use throughout the United States, including in this Judicial District. On information and belief, ZyVet filed and/or caused to be filed ZyVet's ANADA with a Paragraph IV Certification, which was purposefully directed to the State of New Jersey, where Zoetis and/or its affiliates sell Cerenia® Injectable Solution. As a result, the consequences of ZyVet's actions were, and will be, suffered in the State of New Jersey. ZyVet knew or should have known that the consequences of its actions were, and will be, suffered in the State of New Jersey. When ZyVet sent notice of the Paragraph IV Certification, it was reasonably foreseeable that ZyVet would be sued within 45 days in this Judicial District. On information and belief, ZyVet's actions will injure Zoetis by displacing at least some of Zoetis's sales of Cerenia® Injectable Solution in this Judicial District, as well as resulting in price erosion and loss of goodwill with the purchasers and distributors of Cerenia® Injectable Solution in this Judicial District.

20. Zydus Pharmaceuticals (USA) and Zydus Lifesciences Limited have engaged in patent litigation concerning FDA-approved drug products in this Judicial District, have consented to personal jurisdiction and venue in such litigation in this Judicial District, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Supernus Pharmaceuticals Inc. v. Zydus Lifesciences Global FZE, et al.*, Civil Action No. 26-03543 (MEF)(MAH), D.I. 6 at 4, 6–14, 48–57 (D.N.J. Apr. 14, 2026); *Mitsubishi Tanabe Pharma Corporation v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 25-18032 (CCC)(LDW), D.I. 11 at 9–10, 12–13, 39–57 (D.N.J. Mar. 9, 2026); *Genentech, Inc., et al. v. Natco Pharma Limited, et al.*, Civil Action No. 25-17100 (BRM)(JSA), D.I. 11 at 7–13, 15–16, 32–36 (D.N.J. Dec. 4, 2025).

21. In the alternative, this Court has personal jurisdiction over Zydus Lifesciences Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law, (b) Zydus Lifesciences Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) Zydus Lifesciences Limited has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs and ANADAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical and animal drug products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus Lifesciences Limited satisfies due process.

22. Venue is proper in this Judicial District for Zydus Lifesciences Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Zydus Lifesciences Limited is a corporation organized and existing under the laws of the Republic of India and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

23. Venue is proper in this Judicial District for ZyVet Animal Health Inc. and Zydus Pharmaceuticals (USA) Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, both are corporations organized and existing under the laws of the State of New Jersey and both have a regular and established place of business in New Jersey and committed acts of infringement in New Jersey.

**ZOETIS'S APPROVED CERENIA® INJECTABLE SOLUTION AND PATENT-IN-SUIT**

24. Zoetis makes and sells Cerenia® (maropitant citrate) Injectable Solution ("Cerenia®"), a product that is indicated for the prevention and treatment of acute vomiting in dogs and for the treatment of vomiting in cats.

25. The active ingredient in Cerenia® is maropitant, a neurokinin ($NK_1$) receptor antagonist that blocks the pharmacological action of substance P in the central nervous system (CNS).

26. Plaintiff Zoetis Inc. is the holder of New Animal Drug Application ("NADA") No. 141-263 for Cerenia® Injectable Solution. FDA approved NADA No. 141-263 for Cerenia® Injectable Solution on January 29, 2007 and approved supplements to NADA No. 141-263 on May 16, 2012 and January 11, 2016.

27. Cerenia® Injectable Solution and one or more of its approved uses are covered by one or more claims of the Patent-in-Suit.

28. The Patent-in-Suit is listed in FDA's *Approved Animal Drug Products* (an FDA publication commonly known as the "Green Book") in connection with NADA No. 141-263.

29. Plaintiff Zoetis Services LLC, as the assignee, owns the entire right, title, and interest in the Patent-in-Suit.

30. Zoetis has the right to enforce the Patent-in-Suit.

31. The ’230 Patent is entitled “Antimicrobial Preservatives to Achieve Multi-Dose Formulation Using Beta-Cyclodextrins for Liquid Dosage Forms.” The ’230 Patent was duly and legally issued on May 22, 2012. A true and correct copy of the ’230 Patent is attached as Exhibit A.

**ZyVet’s ANADA**

32. On information and belief, ZyVet has submitted or caused to be submitted ZyVet’s ANADA to FDA under 21 U.S.C. § 360b(n) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the maropitant citrate injectable solution described therein, as a purported generic version of Cerenia® Injectable Solution, prior to the expiration of the Patent-in-Suit.

33. On information and belief, ZyVet’s Infringing ANADA Product is an injectable solution that comprises malopitant as the active pharmaceutical ingredient.

34. On information and belief, FDA has not yet approved ZyVet’s ANADA.

35. On information and belief, by letter dated March 19, 2026, ZyVet notified Zoetis that ZyVet had submitted ZyVet’s ANADA (the “Notice Letter”). The Notice Letter represented that ZyVet had submitted ZyVet’s ANADA to FDA with a purported Paragraph IV Certification pursuant to 21 U.S.C. § 360b(n)(1)(H)(iv) (Section 512(n)(1)(H)(iv) of the Federal Food, Drug and Cosmetic Act). On information and belief, ZyVet submitted ZyVet’s ANADA to FDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of ZyVet’s Infringing ANADA Product before the expiration of the patent listed in the Green Book for Cerenia® Injectable Solution. Hence, ZyVet’s purpose in submitting ZyVet’s ANADA is to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of ZyVet’s Infringing ANADA Product before the expiration of the Patent-in-Suit.

36. The Notice Letter states that the Paragraph IV Certification in ZyVet's ANADA alleges that ZyVet's Infringing ANADA Product will not infringe any valid and enforceable claim of the Patent-in-Suit.

37. The Notice Letter contains a purported detailed statement of the factual and legal basis for ZyVet's contention that the importation, manufacture, use, sale of, or offer to sell within the United States of ZyVet's Infringing ANADA Product would not "infringe any valid and enforceable claim" of the Patent-in-Suit.

38. The Notice Letter did not contain any offer of confidential access to ZyVet's ANADA.

39. The Notice Letter did not disclose the inactive ingredients contained in ZyVet's Infringing ANADA Product.

40. On information and belief, ZyVet, through its own actions and through the actions of its agents and subsidiaries, has assisted with and participated in the preparation and submission of ZyVet's ANADA, has provided material support to the preparation and submission of ZyVet's ANADA, and intends to support the further prosecution of ZyVet's ANADA.

41. On information and belief, if FDA approves ZyVet's ANADA, ZyVet will manufacture, use, offer to sell, and/or sell ZyVet's Infringing ANADA Product within the United States, including within the State of New Jersey, and/or will import ZyVet's Infringing ANADA Product into the United States, including into the State of New Jersey.

42. Alternatively, on information and belief, if FDA approves ZyVet's ANADA, ZyVet will actively induce or contribute to the manufacture, use, offer to sell, and/or sale of ZyVet's Infringing ANADA Product within the United States, including within the State of New

Jersey, and/or will actively induce or contribute to the importation of ZyVet's Infringing ANADA Product into the United States, including into the State of New Jersey.

43. Zoetis brings this action pursuant to 21 U.S.C. § 360b(c)(2)(D)(iii) within forty-five days of receipt of the Notice Letter.

**COUNT 1**
**INFRINGEMENT OF THE '230 PATENT**

44. Zoetis incorporates by reference paragraphs 1–43 as if fully set forth herein.

45. On information and belief, ZyVet has submitted or caused the submission of ZyVet's ANADA to FDA and continues to seek FDA approval of ZyVet's ANADA.

46. ZyVet has infringed the '230 Patent under 35 U.S.C. § 271(e)(2)(B) by submitting ZyVet's ANADA with a Paragraph IV Certification and seeking FDA approval of ZyVet's ANADA prior to the expiration of the '230 Patent.

47. Claim 1 of the '230 Patent recites

> A parenteral pharmaceutical composition with injection site toleration comprising a therapeutically effective amount of a compound of Formula (1a),

(Ia)



> or a pharmaceutically acceptable salt thereof, a β-cyclodextrin, a pharmaceutically acceptable preservative, a pharmaceutically acceptable vehicle, and an optional pharmaceutically acceptable excipient, wherein the preservative demonstrates pharmaceutically acceptable antimicrobial preservative effectiveness and is selected from the group consisting of thimerosal, propylene glycol, phenol, or meta-cresol.

48. Claims 2–6 recite specific β-cyclodextrins, preservatives, pharmaceutically acceptable salts, and concentration ranges for the claimed components.

49. Claim 7 of the ’230 Patent recites

> A method for the treatment of emesis in an animal comprising administering to said animal a composition according to claim **1**.

50. ZyVet’s commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States, of ZyVet’s Infringing ANADA Product would directly infringe, or would actively induce or contribute to infringement of, the ’230 Patent, either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of ZyVet’s ANADA, ZyVet will make, use, offer for sale, and/or sell ZyVet’s Infringing ANADA Product within the United States, and/or will import ZyVet’s Infringing ANADA Product into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the ’230 Patent.

51. On information and belief, ZyVet’s Infringing ANADA Product comprises a parenteral pharmaceutical composition with injection site toleration comprising a therapeutically effective amount of maropitant or a pharmaceutically acceptable salt thereof, a β-cyclodextrin, a pharmaceutically acceptable preservative demonstrating pharmaceutically acceptable antimicrobial preservative effectiveness, a pharmaceutically acceptable vehicle, and an optional pharmaceutically acceptable excipient.

52. On information and belief, the pharmaceutically acceptable preservative in ZyVet's Infringing ANADA Product is selected from the group consisting of thimerosal, propylene glycol, phenol, or meta-cresol, or is equivalent to these preservatives. ZyVet's Notice Letter asserted that its formulation does not contain a preservative "selected from the group consisting of" four preservatives, but did not disclose the inactive ingredients in its formulation, nor did ZyVet offer to provide Zoetis with confidential access to its ANADA.

53. On information and belief, upon FDA approval of ZyVet's ANADA, ZyVet, through its own actions and through the actions of its agents and subsidiaries, will market and distribute ZyVet's Infringing ANADA Product to resellers, pharmacies, veterinary hospitals and other clinics, veterinarians and other animal healthcare professionals, and end users. On information and belief, ZyVet will also knowingly and intentionally accompany ZyVet's Infringing ANADA Product with a product label and product insert that will include instructions for using or administering ZyVet's Infringing ANADA Product. On information and belief, the product label and product insert accompanying ZyVet's Infringing ANADA Product will include instructions that are substantially similar to the instructions found in the prescribing information for Cerenia® Injectable Solution, attached as Exhibit B, and which, if followed, will infringe one or more claims of the '230 Patent. Accordingly, ZyVet will induce veterinarians and other animal healthcare professionals, resellers, pharmacies, and end users to directly infringe one or more claims of the '230 Patent. In addition, on information and belief, ZyVet will encourage acts of direct infringement with knowledge of the '230 Patent and knowledge that it is encouraging infringement.

54. ZyVet had actual and constructive notice of the ’230 Patent prior to filing ZyVet’s ANADA and was aware that the filing of ZyVet’s ANADA with the request for FDA approval prior to the expiration of the ’230 Patent would constitute an act of infringement of the ’230 Patent.

55. Zoetis will be irreparably harmed if ZyVet is not enjoined from infringing, and from actively inducing and contributing to the infringement of the ’230 Patent. Zoetis does not have an adequate remedy at law, and considering the balance of hardships between Zoetis and ZyVet, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 2**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’230 PATENT**

56. Zoetis incorporates by reference paragraphs 1–55 as if fully set forth herein.

57. Zoetis ’s claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58. The ’230 Patent includes claims that recite a parenteral pharmaceutical composition with injection site toleration comprising a therapeutically effective amount of maropitant or a pharmaceutically acceptable salt thereof, a β-cyclodextrin, a pharmaceutically acceptable vehicle, an optional pharmaceutically acceptable excipient, and a pharmaceutically acceptable preservative demonstrating pharmaceutically acceptable antimicrobial preservative effectiveness selected from the group consisting of thimerosal, propylene glycol, phenol, or meta-cresol. The claims further recite specific β-cyclodextrins, preservatives, pharmaceutically acceptable salts, concentration ranges for the claimed components, and methods of treating emesis in an animal comprising administering such compositions to said animal.

59. On information and belief, ZyVet’s Infringing ANADA Product comprises a parenteral pharmaceutical composition with injection site toleration comprising a therapeutically

effective amount of maropitant or a pharmaceutically acceptable salt thereof, a β-cyclodextrin, a pharmaceutically acceptable preservative demonstrating pharmaceutically acceptable antimicrobial preservative effectiveness, a pharmaceutically acceptable vehicle, and an optional pharmaceutically acceptable excipient.

60. On information and belief, the pharmaceutically acceptable preservative in ZyVet's Infringing ANADA Product is selected from the group consisting of thimerosal, propylene glycol, phenol, or meta-cresol, or is equivalent to these preservatives. ZyVet's Notice Letter asserted that its formulation does not contain a preservative "selected from the group consisting of" four preservatives, but did not disclose the inactive ingredients in its formulation, nor did ZyVet offer to provide Zoetis with confidential access to its ANADA.

61. On information and belief, if ZyVet's ANADA is approved, ZyVet's Infringing ANADA Product will be made, offered for sale, sold, used, and/or otherwise distributed in the United States, including in the State of New Jersey, and/or will be imported into the United States, including the State of New Jersey, by or through ZyVet and its affiliates. ZyVet will therefore directly infringe one or more claims of the '230 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

62. On information and belief, ZyVet knows that veterinarians, other animal healthcare professionals, and/or end users will use ZyVet's Infringing ANADA Product in accordance with the labeling sought by ZyVet's ANADA. On information and belief, the product label and product insert accompanying ZyVet's Infringing ANADA Product will include instructions that are substantially similar to the instructions found in the prescribing information for Cerenia® Injectable Solution, which, if followed, will infringe one or more claims of the '230 Patent. ZyVet will therefore contribute to, or induce, the infringement of one or more claims of the '230 Patent

either literally or under the doctrine of equivalents under one or more of 35 U.S.C. §§ 271(a), (b), (c), and (e).

63. On information and belief, ZyVet's infringing activity, including the commercial manufacture, use, offer for sale, sale, and/or importation of ZyVet's Infringing ANADA Product complained of herein, will begin immediately after FDA approves ZyVet's ANADA. Any such conduct before the '230 Patent expires will directly infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '230 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), and (e).

64. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Zoetis and ZyVet concerning liability for the infringement of the '230 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

65. Zoetis will be substantially and irreparably harmed by ZyVet's infringing activities unless those activities are enjoined by this Court. Zoetis has no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Zoetis respectfully requests the following relief:

(a) The entry of a judgment, in favor of Zoetis and against ZyVet, that ZyVet's submission of ZyVet's ANADA to FDA seeking approval for the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of ZyVet's Infringing ANADA Product before the expiration of the Patent-in-Suit was an act of infringement of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(e)(2)(B);

(b) The entry of a declaratory judgment, in favor of Zoetis and against ZyVet, declaring that ZyVet's commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of ZyVet's Infringing ANADA Product, or inducing or

contributing to such conduct, would constitute infringement of one or more claims of the Patent-in-Suit by ZyVet under one or more of 35 U.S.C. §§ 271(a), (b), and (c);

(c) The entry of preliminary and/or permanent injunctions enjoining ZyVet and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons and entities acting in concert, participation, or in privity with ZyVet, and its successors or assigns, from commercially manufacturing, using, offering to sell, or selling ZyVet's Infringing ANADA Product within the United States, or importing ZyVet's Infringing ANADA Product into the United States, or inducing or contributing to such conduct, until the expiration date of the Patent-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Zoetis is or becomes entitled;

(d) The entry of a permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining ZyVet and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons and entities acting in concert, participation, or in privity with ZyVet, and its successors or assigns, from commercially manufacturing, using, offering to sell, or selling ZyVet's Infringing ANADA Product within the United States, or importing ZyVet's Infringing ANADA Product into the United States, or inducing or contributing to such conduct, until the expiration date of the Patent-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Zoetis is or becomes entitled;

(e) The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ZyVet's ANADA shall be a date that is not earlier than the expiration date of the Patent-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Zoetis is or becomes entitled;

(f) A declaration under 28 U.S.C. § 2201 that if ZyVet, its officers, directors, agents, servants, employees, representatives, attorneys, parents, subsidiaries, affiliates, other related business entities, or other persons or entities acting or attempting to act in concert, participation, or in privity with ZyVet, or acting on any ZyVet's behalf, engages in the commercial manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of ZyVet's Infringing ANADA Product, then it will constitute an act of direct or indirect infringement of the Patent-in-Suit;

(g) An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if ZyVet engages in the commercial manufacture, use, offer for sale, sale, and/or importation of ZyVet's Infringing ANADA Product, or any product that infringes the Patent-in-Suit, or induces or contributes to such conduct, prior to the expiration of such patent, including any extensions or regulatory exclusivities;

(h) The entry of judgment declaring that ZyVet's acts render this case an exceptional case and awarding Zoetis its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(i) An award to Zoetis of its costs and expenses in this action; and

(j) Such other and further relief this Court deems just and proper.

Dated: May 1, 2026

s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Zoetis Inc. and Zoetis Services LLC*

*OF COUNSEL:*

Michael N. Kennedy
Megan P. Keane
Tobias Ma
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: May 1, 2026

s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Zoetis Inc. and Zoetis Services LLC*

*OF COUNSEL:*

Michael N. Kennedy
Megan P. Keane
Tobias Ma
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000